UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA JENNINGS-FOWLER, | : |
| Plaintiff | : CIVIL ACTION NO. 3:14-0969 |
| v. | : (MANNION, D.J.) |
| CITY OF SCRANTON, MAYOR CHRISTOPHER DOHERTY, Individually, and unknown decision maker, Individually, | : : : |
| Defendants | |

## MEMORANDUM

Presently before the court is a Motion for Reconsideration of the December 29, 2014 order issued by this court. (Doc. 27). Also before the court is a Motion for Leave to file a Third Amended Complaint. (Doc. 29). For the reasons discussed herein, both motions are **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant dispute concerns the termination of the employment of the plaintiff, Patricia Jennings-Fowler, who was employed by the City for over fifteen years and was working as a Housing Inspector at the time of her termination. The plaintiff alleged, *inter alia*, that she was terminated as retaliation for supporting political candidates opposed to then-Mayor of Scranton Christopher Doherty.

The plaintiff also claims that Defendant Doherty's administration

performed "secret video surveillance" on her without her knowledge in violation of her equal protection rights. (Doc. 17, ¶ 39). She claims that this video surveillance was performed on only her because she had complained about gender discrimination and a hostile work environment in July of 2013 and because she had openly criticized Mayor Doherty.

The plaintiff claims that while serving as the only female Housing Inspector she was subjected to harassment from a male co-worker, Shelly Roberts, that she reported to the City, and that the City refused to remedy the alleged hostile work environment. (Doc. 17, ¶ 45-47).

On May 20, 2014, the plaintiff filed her original complaint with the Court (Doc. 1) and on June 16, 2014, the defendants filed a corresponding motion to dismiss the complaint. (Doc. 7). On June 24, 2014, the plaintiff filed an amended complaint (Doc. 9), and on July 2, 2014 the Court accordingly issued an order dismissing the original motion to dismiss as moot. (Doc. 10). On July 16, 2014, the plaintiff then filed a second amended complaint (Doc. 17), and the defendants filed a corresponding motion to dismiss on July 29, 2014, which is at issue here. (Doc. 20). The court granted the motion to dismiss with respect to counts II, III, IV, and V on December 24, 2014. (Doc. 26). The plaintiff filed a Motion for Reconsideration on December 29, 2014 (Doc. 27) and a Motion to File a Third Amended Complaint on December 30, 2014. (Doc. 29). The defendant filed respective Briefs in Opposition on January 27, 2015. (Docs. 36 & 37).

## II.     LEGAL STANDARD

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). The Third Circuit has upheld the court's authority to dismiss motions *sua sponte*. Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). However, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

Regarding the motion for reconsideration, the court reviewed the Second Amended Complaint with respect to Count V and concluded *sua sponte* that the pleading is insufficient to raise a claim of retaliation under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 28 U.S.C. §1331,

3

and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. 951, *et. seq*. There has been no intervening change of law and there is no assertion that there is new evidence available. Further, the court is within its authority to dismiss Count V pursuant to Roman v. Jeffes 904 F.2d 192 (3d Cir. 1990), and, as such, there is no clear error of law or need to prevent manifest injustice. Howard Hess, 602 F.3d 237 (3d Cir. 2010).

Regarding the Motion for Leave to File a Third Amended Complaint, the court agrees with the defendant that to permit the plaintiff to file a third amended complaint would constitute "undue delay" pursuant to Alston, 363 F.3d 229 (3d Cir. 2004). Additionally, the proposed amendments to the Second Amended Complaint would not serve to cure the defects of this complaint, thus rendering the amendment futile pursuant to Alston. *Id.* As the court stated in its December 24, 2014 opinion, "[a]t best, the [p]laintiff has alleged that she had a poor relationship with a male coworker." (Doc. 25). The proposed amendments do not cure this defect, nor do they cure the defect of Count V. In the Count V section of the proposed Third Amended Complaint, the plaintiff inserts a series of new paragraphs, including a personal email from the plaintiff and allegations of video surveillance. None of these proposed additions are sufficient to raise a claim for retaliation in violation of Title VII and the PHRA.

**IV.    CONCLUSION**

It is for the foregoing reasons that the Motion for Reconsideration (Doc. 27) is **DENIED**, and the Motion for Leave to File a Third Amended Complaint (Doc. 29) is **DENIED**. An appropriate order shall follow.


                                                         s/ *Malachy E. Mannion*
                                                         **MALACHY E. MANNION**
                                                         **United States District Judge**

**Date: July 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0969-02.wpd