**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATRICIA JENNINGS-FOWLER,** : | |
| **Plaintiff,** : | **CIVIL ACTION NO. 3:14-969** |
| v. : | **(JUDGE MANNION)** |
| **CITY OF SCRANTON, MAYOR** : | |
| **CHRISTOPHER DOHERTY,** | |
| **Individually, and unknown** : | |
| **decision maker, Individually,** : | |
| **Defendant** | |

**MEMORANDUM**

**I.   INTRODUCTION**

Presently before the court is a Motion for Summary Judgment filed on April 30, 2015 by the defendants, the City of Scranton and Christopher Doherty. (Doc. 43). The defendants' seek judgment in their favor on the ground that the pre-termination hearing provided to the plaintiff, Patricia Jennings-Fowler, was constitutionally sufficient and there are no genuine factual disputes to support a different conclusion. For the reasons discussed below, the court will **GRANT** the motion for summary judgment.

**II.   BACKGROUND**[1]

The only remaining claim in this action concerns the adequacy of the

---

[1] The facts are taken from the parties' statements of material facts, and when disputed, will be noted as such.

1

predeprivation, or pre-termination, procedures provided to the plaintiff prior to suspension and termination of her employment with the City. The plaintiff was employed by the City for over fifteen years and was working as a Housing Inspector at the time of her termination. On September 25, 2013, the plaintiff was in her car, and received a text from Mark Seitzinger directing her to return to the office. Upon arrival, the Director of Human Resources, Stephanie Davis, handed the plaintiff a letter entitled "Notice of Charges," which listed three charges the City had against her. (Doc. 44, Ex. A, pp. 242-43). Two of the charges related to the plaintiff signing documents on August 22 and 28, 2013 stating she was at "specific locations throughout the [work] day and also received payment for mileage," when the City had no record that she was in those locations. *Id.* at 242.

Later the same day, the plaintiff attended a meeting with Mark Seitzinger, Stephanie Davis, Marie Gallagher, and Tony Armedio (the plaintiff's union representative) to discuss the charges against her. (Doc. 45, ¶ 9). At the start of the meeting, the plaintiff was given a new document entitled "Notice of Charges" where the August 28, 2013 date, mentioned above, was replaced with a different date: September 3, 2013. *Id.* ¶¶ 11-12; (Doc. 46, p. 10).[2] Otherwise, the Notice of Charges was identical to the first

---

[2] In her "Statement of Facts in Dispute," (Doc. 47), the plaintiff disputes the following statement by the defendants' in their Statement of Undisputed Material Facts, (Doc. 45): "At the start of the September 25, 2013, meeting, Ms. Davis provided Plaintiff with a corrected 'Notice of Charges.'" (Doc. 45,

document. *Id.* ¶ 12; (Doc. 45, Ex. B). During the meeting, the plaintiff, Tony Armedio, and Marie Gallagher asked if there were any videos or photographic evidence, and were told that there was no such evidence. (Doc. 47, ¶ 14). The plaintiff also failed to provide any evidence or information during the meeting.[3] *Id.* ¶ 16. At the end of the meeting, the plaintiff was informed that

---

¶ 11). However, the plaintiff disputes this fact solely by stating that "Exhibit 'B' speaks for itself." (Doc. 47, ¶ 11). Exhibit "B" is the second corrected notice. Therefore, the plaintiff has failed to address or present any evidence to dispute the statement that the plaintiff was given the corrected "Notice of Charges" *at the September 25, 2014 meeting*. In fact, the plaintiff provides her own deposition as an exhibit to support her opposition to summary judgment, and the deposition supports the defendants' statement. (Doc. 46, Fowler Tr., p. 19). This fact will be deemed undisputed. The same argument also applies to the defendants' statement in paragraph 12 of their Statement of Undisputed Material Facts, and therefore, this statement will be deemed undisputed as well. (Doc. 47, ¶ 12); *see also* Doc. 45, Ex. A, B.

[3] In the defendants' Statement of Undisputed Material Facts, (Doc. 45), they state that the "[p]laintiff did not present any information . . . during the September 25, 2013, meeting." *Id.* ¶ 16. The defendants support this factual allegation with the deposition of the plaintiff herself:
    Q.    Did you present any information to Davis or Seitzinger or anybody else at the September 25th meeting?
    A.    No. Not that I remember, no.
(Doc. 45, Ex. A, p. 91). The plaintiff, in her Statement of Facts in Dispute, disputes this fact and also cites to the plaintiff's deposition for support:
    Q.    Did you provide them with any of the photographs you may have been able to get from your computer before you were locked out?
    A.    I don't remember the way these events took place. I can't remember, but I do remember the few photographs I was able to pull out before I was locked out.
            I thought I showed them on the October 2nd meeting, not at the September 25th meeting. I thought we showed them at

3

she was suspended without pay. (Doc. 45, ¶ 15); (Doc. 47, ¶ 3). On October 2, 2013, the plaintiff attended another meeting with Mark Seitzinger, Stephanie Davis, Marie Gallagher, and Tony Armedio regarding her employment and termination. (Doc. 45, ¶ 18); (Doc. 47, ¶ 18). After the meeting on October 2, 2013, the plaintiff was informed that her employment with the City was terminated. (Doc. 47, ¶ 19 (citing Ex. A, pp. 100-101)); (Doc. 45,¶ 4).

The plaintiff alleges that the she was deprived of her procedural due process rights under the Fourteenth Amendment because her pre-termination hearing lacked sufficient notice of charges, description of evidence, and opportunity for her to respond to charges against her. (Doc. 17, ¶¶ 14-25).

On May 20, 2014, the plaintiff filed her original complaint with the Court (Doc. 1) and on June 16, 2014, the defendants filed a corresponding motion to dismiss the complaint. (Doc. 7). On June 24, 2014, the plaintiff filed an amended complaint, (Doc. 9), and on July 2, 2014 the Court accordingly issued an order dismissing the original motion to dismiss as moot. (Doc. 10).

---

>    the October meeting. A few photographs I was able to pull
>    before they locked me out.

*Id.* While the excerpt from the deposition does reference whether the plaintiff provided any information at the September 25, 2013 meeting, and further creates ambiguity, it does not refute or negate the defendants' undisputed material fact–i.e., that the plaintiff did not provide any information at the meeting. In fact, the excerpt cited by the plaintiff is not inconsistent with the defendants' factual allegation at all. Therefore, we treat this fact, (Doc. 45, ¶ 16), as undisputed.

On July 16, 2014, the plaintiff then filed a second amended complaint (Doc. 17), and the defendants filed a corresponding motion to dismiss on July 29, 2014. (Doc. 20). This court then, on December 24, 2014, granted the motion to dismiss with respect to Counts II-V, but denied the motion to dismiss as to Count I. (Doc. 26). The court also denied the plaintiff's motion for leave to amend. *Id.* On December 29, 2014, the plaintiff filed a Motion for Reconsideration of the court's order, (Doc. 27), and on December 30, 2014, filed a motion for Leave to File a Third Amended Complaint. (Doc. 29). Prior to the court's resolution of the two aforementioned motions, the defendants filed a Motion for Summary Judgment regarding the only claim remaining in the Second Amended Complaint. (Doc. 43). On July 2, 2015, the court denied the plaintiff's pending Motion for Reconsideration as well as the Motion for Leave to File a Third Amended Complaint. (Doc. 50). Before the court is the defendants' Motion for Summary Judgment filed on April 30, 2015, which is now fully briefed and ripe for review. (Doc. 43).

### III.   STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v.

Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding that a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); *see also* Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient

6

evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## IV. DISCUSSION

The defendants move for summary judgment on the grounds that the they "satisfied all of the due process requirements prior to the suspension of [the plaintiff] from employment" and that there are no disputed material facts to preclude such a conclusion. (Doc. 44, p. 11). Thus, the court must determine first what due process requires in this situation, and second, whether the defendants satisfied these requirements.

Before an employer may suspend an employee without pay, the employer must provide: (1) notice of the charges against her; (2) explanation of the evidence against her; and (3) an opportunity to rebut such allegations. Gniotek v. City of Philadelphia, 808 F.2d 241, 243 (3d Cir. 1986) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)); *see also* Dee v.

Borough of Dunmore, 549 F.3d 225, 230, 232-33 (3d Cir. 2008). "Notice is sufficient, 1) if it apprises the vulnerable party of the nature of the charges and general evidence against him, and 2) if it is timely under the particular circumstances of the case." *Gniotek*, 808 F.2d at 244. Post-suspension remedies do not excuse the failure to hold a pre-termination hearing. Stana v. School Dist., 775 F.2d 122, 129 (3d Cir. 1985). Finally, under Pennsylvania law, a brief and informal pre-termination or pre-suspension hearing is required, except under extraordinary circumstances. Schmidt v. Creedon, 639 F.3d 587, 589-90 (3d Cir. 2011). If notice is provided at the predeprivation hearing, rather than before, it is timely and sufficiently satisfies due process requirements. *Id.*; *see also* Goss v. Lopez, 419 U.S. 565, 582 (1975).

**A.     Notice of the Charges**

In this case, the undisputed facts demonstrate that the defendants conducted a meeting on September 25, 2014 that constitutes an informal, predeprivation or pre-termination hearing. The defendants provided the plaintiff with a "Notice of Charges" prior to commencement of the pre-termination hearing. Though correct in most respects, this notice of charges included one date–August 28, 2013–that was incorrect. At the beginning of the pre-termination meeting, the defendants gave the plaintiff a new, corrected version of the "Notice of Charges," in which the incorrect date was replaced with the correct date–September 3, 2013. The corrected "Notice of

Charges" was provided to the plaintiff at the start of the pre-termination hearing, which is sufficient under federal law. *See Gniotek*, 808 F.2d at 244. The plaintiff does not dispute that the corrected "Notice of Charges" was provided at the pre-termination hearing. In her Brief in Opposition to Defendants' Motion for Summary Judgment, however, the plaintiff focuses solely on the first incorrect "Notice of Charges" that was provided to the plaintiff on September 25, 2015. The plaintiff states that she "was never provided notice of the charges since the notice provided the wrong date." (Doc. 46, p. 3). If the first, incorrect Notice was the only one provided to the plaintiff prior to or during the September 25 meeting, then its errors may render the notice inadequate; however, a corrected, accurate Notice was provided at the start of the predeprivation meeting. *See* Doc. 44, p. 9. The plaintiff fails to acknowledge the new notice as the one at issue. Given these facts and the content of the corrected Notice,[4] (Doc. 47, Ex. A, B), the court agrees with the defendants and finds that the Notice was timely, and sufficiently identified the charges and allegations against the plaintiff. Therefore, the court does not find the notice constitutionally insufficient on either of these grounds.

---

[4] Both parties provide copies of the incorrect and corrected Notice of Charges as part of their Memoranda in support of and in opposition to the motion for summary judgment. *See* Doc. 44, Ex. A, pp. 242-45; Doc. 47, Ex. A, B.

**B.** **Explanation of the Evidence and Opportunity to Respond**

The next question is whether the defendants provided an explanation of the evidence supporting the charges against the plaintiff such that she had an opportunity to respond. The defendants argue that Third Circuit precedent only requires a "very limited" predeprivation hearing and that "evidence against an employee need not be great in detail as long as it allows the employee opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges." (Doc. 46, p. 7, 10 (quoting Ashton v. Whitman, 94 Fed. Appx. 896, 901 (3d Cir. 2004)). The defendants then go on to argue that the corrected, written "Notice of Charges" identified two dates where the plaintiff submitted requests for mileage reimbursement for travel that she did not incur, and they also contend that the plaintiff received oral notice that there was an issue with her mileage reimbursement request on the two mentioned dates. The defendants rely on *Ashton v. Whitman*, 94 Fed. Appx. 896 (3d Cir 2004), and *McDaniels v. Flick*, 59 F.3d 446 (3d Cir. 1995), to conclude that this notice provided the plaintiff with notice of the charges and evidence against her, such that she had an opportunity to respond as required by due process. (Doc. 46, pp. 9-10).

In *Ashton*, former correctional officials claimed that their pre-termination hearing failed to satisfy due process requirements. Specifically, they alleged that the hearing lacked proper notice because the defendants did not provide them with specific, potentially exculpatory evidence–the Huley documents.

However, prior to their pre-termination hearing, the officers received a written notice describing their improper actions, a pre-hearing package from the Department of Corrections that included copies of documentary evidence to be used against them, and a list of witnesses. *Ashton*, 94 Fed. Appx. at 899. The Third Circuit found that these documents provided an "explanation of evidence" and clearly satisfied due process demands. *Id*. Due process did *not* require that the defendants provide the potentially exculpatory Huley documents. *Id.* at 900. *Ashton* is distinguishable from the instant case because the question in *Ashton* was whether *all* relevant evidence must be provided, not whether *no evidence* need be provided prior to or during a predeprivation hearing. The court in *Ashton* did not address whether no specific evidence need be provided, but did adopt the holding in *Derstein v. Kansas,* 915 F.2d 1410, 1413 (10th Cir.1990), and *McDaniels v. Flick*, 59 F.3d 446, 457 (3rd Cir.1995), that "pretermination notice of the charges and evidence against an employee need not be in great detail *as long as it allows the employee the opportunity to determine what facts, if any, within his knowledge might be presented* in mitigation of or in denial of the charges." *McDaniels*, 59 F.3d at 457 (internal quotations omitted) (citing *Derstein*, 915 F.2d at 1413).

The court in *McDaniels* similarly concluded that not all evidence need be supplied to an employee prior to or during a predeprivation hearing, and focused on, as previously stated, the plaintiff having an opportunity to

11

respond. *McDaniels*, 59 F.3d at 457 (citing *Gniotek v. City of Philadelphia, 808 F.2d 241, 243 (3d Cir. 1986)* and *Derstein*, 915 F.2d at 1413). In *McDaniels,* a college professor was brought in for a pre-termination hearing after a student complained that the professor had sexually harassed him. *Id.* At the hearing, the professor was not given the student's actual complaint, however, he was informed that a particular student lodged a sexual harassment complaint against him, and the specific allegations and circumstances of the complaint were discussed in detail during the hearing. *Id.* The court found that, while the professor was not given the student's actual allegations, he "received adequate notice and a sufficient explanation of the charges against him" and "concluded that he also was given an adequate opportunity to respond." *Id.* at 457. The student's allegation itself was not necessary to satisfy due process, and the professor had a sufficient description of the charges to enable him to meaningfully respond at the predeprivation hearing.

The defendants, in their Brief in Support of summary judgment, point to the fact that the allegations in the Notice of Charges were specific and conclude that the Notice in conjunction with the discussion at the predeprivation hearing clearly provided the plaintiff with enough information to rebut the allegations against her. However, the defendants fail to provide evidence establishing that they identified specific evidence to support the charges against the plaintiff during the hearing. The plaintiff, on the other

hand, presents evidence that she was only given the Notice of Charges and then told that the defendants "had a feeling" her reimbursement documentation was incorrect. (Doc. 46, Fowler Tr., p. 22). The undisputed facts demonstrate that she was not given a specific explanation of evidence to support the charges against her. At first glance, it may seem that the lack of evidence violates the requirements of due process. However, as *Loudermill* and its progeny clearly enunciate, the "essential requirements of due process . . . are notice and an *opportunity to respond*." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985) (emphasis added). Furthermore, Third Circuit precedent clearly states that the focus is whether the notice and explanation of evidence provide enough information to allow the plaintiff opportunity to determine what facts or evidence might mitigate or eliminate the charges against her.

In this case, the plaintiff's own deposition demonstrates that, while the defendants did not provide specific evidence to support the charges, the plaintiff clearly understood the charges and knew exactly what she would need to present to rebut the charges against her. In her deposition, when asked what was said at the predeprivation hearing, she stated that the defendants stated "[t]hey didn't feel like [she] was correct on [her] milage[sic]," and that they said, "[w]e just don't believe she was where she said she was." (Doc. 44, Ex. A, p. 86). This indicates that the charges depended upon where she was on August 22 and September 3, 2013, and she knew that the way to

respond to the charges was to provide information confirming her whereabouts on the two days in question. Moreover, during her deposition, the plaintiff also explicitly acknowledged the importance of having an alibi or proof of where she was during the dates that the defendants were concerned about.[5] Whether or not she knew that the defendants had video footage or photographs of her from those dates does not change her understanding that she needed to provide information regarding where she was on August 22 and September 3. In fact, even if the defendants had stated that the charges were based upon photographs and video evidence, her understanding of the charges and how best to respond would remain exactly the same. Ultimately, she had ample notice and understanding of the nature of the charges against her, such that she knew exactly what she must present during the predeprivation hearing to mitigate or rebut such charges. Looking at the picture as a whole, the undisputed facts establish that she was given notice and had a meaningful opportunity to respond, and thus, was afforded all the

---

[5] The first, incorrect, Notice of Charges included a charge against her for the date of August 28, 2013. After the plaintiff received this notice, she immediately looked into the August 28 date, and discovered that she was with a beat cop on that date. When asked, during her deposition, about why being with a beat cop on that date was significant "insofar as an issue concerning [her] documentation," she responded, "I have a witness. If they are going to say I have a problem with my logs, I have a witness with me where I was." (Doc. 44, Ex. A, p. 83). She clearly understood how to rebut the charges against her. This understanding also extends to the corrected Notice of Charges because the allegations were exactly the same, except that the August 28, 2013 date was changed to September 3, 2013.

process that the Constitution requires.

Our holding today by no means characterizes the defendants' predeprivation hearing as a model hearing. In fact, the predeprivation hearing was poorly conducted, and the defendants could have easily utilized a more straightforward, thorough methodology. Moreover, we in no way condone concealment or misrepresentation during predeprivation hearings such as this.[6] However, poor as the defendants' conduct was, it fails to rise to the level of a due process violation. Therefore, the predeprivation hearing in this case still fulfills the due process requirements as set forth in *Loudermill* and its progeny, and the defendants prevail as a matter of law.

The court would like to note an additional argument put forth by the plaintiff. In her brief opposing summary judgment, the plaintiff urges the court to find that due process requires that the defendants provide actual photos and video surveillance to the plaintiff at the pre-termination hearing. (Doc. 46, p. 7). The plaintiff relies on several out-of-circuit cases to support this proposition, which this court finds non-binding and declines to adopt. The

---

[6] The court finds that the defendants treaded dangerous ground when they, according to the undisputed allegations, claimed they did not have any photos or video evidence, during the predeprivation hearing. (Doc. 44, Ex. A, p. 86); (Doc. 47, ¶ 14). This borders on misrepresentation that, in other circumstances, could greatly impact an employee-plaintiff's ability to have adequate notice and opportunity to respond during a predeprivation hearing. Here, however, the defendants were fortunate that such statements did not impact the plaintiff's due process rights, as explained above.

plaintiff does, however, discuss two Third Circuit cases: *Fraternal Order of Police Lodge No. 5 v. Tucker*, 868 F.2d 74, 75 (3d Cir. 1989), and *Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987). In *Tucker*, the Third Circuit stated that,

> "that there was a complaint of drug use involving police officers but that [the plaintiffs] were *not told anything specific about the drug use allegations* being investigated or *the evidence regarding this drug use allegation*. Without this information plaintiffs and their attorneys, even assuming they were afforded the opportunity to tell plaintiffs' side of the story, had no opportunity to explain or rebut the evidence giving rise to the "reasonable suspicion" of on-duty drug use. We hold that the failure to afford plaintiffs such an opportunity prior to the deprivation of their property interests in their jobs constituted a denial of their right to procedural due process."

*Tucker*, 868 F.2d at 80 (internal quotations omitted) (emphasis added). In this case, both a description of the allegations and an explanation of evidence were lacking, and therefore, the notice failed to satisfy due process demands. Due process was denied to these two officers not because they were not given physical copies of evidence presented against them, but because they were not told anything specific about possible *allegations* against them as well as any evidence to support such allegations. *Id.* Therefore, this case does not support the plaintiff's claim that the law requires all evidence be produced prior to or at a predeprivation hearing.

The plaintiff also cites to *Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987), to support the previously stated proposition. (Doc. 46, p. 6). *Morton*, like *Tucker*, turns upon whether the plaintiff was adequately informed of the *charges or allegations* against him, not whether an explanation of evidence was given. *Morton*, 822 F.2d at 371. The holding cannot be expanded to

16

require that any subject of a predeprivation hearing be given actual evidence supporting the charges against her.

Finally, *Ashton*, 94 Fed. Appx. 896 (3d Cir 2004), and *McDaniels*, 59 F.3d 446 (3d Cir. 1995), the two cases reviewed above, also demonstrate that the Third Circuit does not require evidence to be provided to an employee prior to or during a predeprivation hearing. Because the case-law in the Third Circuit clearly does not require evidence be produced, the court finds that due process did not require the City to give the plaintiff a copy of the video and photographic evidence that supported the charges against her prior to a predeprivation hearing.

### V.   CONCLUSION

For the reasons discussed herein, the court finds that the undisputed material facts support the conclusion that the defendants provided the plaintiff with a constitutionally sufficient pre-termination hearing. Therefore, the court **GRANTS** the defendants' motion for summary judgment. An appropriate order shall follow.


S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 12, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0969-03.wpd